UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ' | |
| | ' | CASE NO. 14-11638 |
| WILLIAM A. DEMMONS and | ' | |
| KAREN S. FOWLER | ' | |
| | ' | |
| | ' | Chapter 7 |
| Debtors. | ' | |

| | | |
|---|---|---|
| WILLIAM A. DEMMONS and | ' | |
| KAREN S. FOWLER | ' | |
| | ' | |
| Plaintiffs, | ' | |
| | ' | |
| vs. | ' | |
| | ' | Adversary No. 15-01024 |
| R3 EDUCATION INC., d/b/a | ' | |
| SABA UNIVERSITY SCHOOL OF | ' | |
| MEDICINE; AMERICAN | ' | |
| EDUCATIONAL SERVICES; | ' | |
| NAVIENT SOLUTIONS, INC., AND | ' | |
| NELNET, INC. | ' | |
| | ' | |
| Defendants. | ' | |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE
DEFINITE STATEMENT, FILED BY DEFENDANT R3 EDUCATION,
INC. d/b/a SABA UNIVERSITY SCHOOL OF MEDICINE**

**MAY IT PLEASE THE COURT:**

Defendant R3 Education, Inc. d/b/a Saba University School of Medicine ("Saba")

respectfully files this Motion and Incorporated Memorandum in Support of Motion to Dismiss

or, Alternatively, Motion for More Definite Statement, and would show the Court as follows:

## I. SUMMARY OF ARGUMENT

This is an action filed by Plaintiffs for a declaration that their loans are dischargeable.

Defendant Saba University School of Medicine is the school that Plaintiffs attended, and is not a party to the dischargeability claims. However, in the same adversary complaint, Plaintiffs have made limited allegations against Saba and have named it as a defendant. Saba submits that Plaintiffs have failed to state legal claims against Saba. Specifically and as addressed in more detail below: (i) Plaintiffs articulate no legal theory or cause of action that would render Saba liable on the loans (rather than Plaintiffs as borrowers); (ii) Plaintiffs allege no specific fraudulent or deceptive acts on Saba's part; and (iii) Plaintiffs fail to identity any specific deadline under law for disbursement of loan proceeds.

## II.  ARGUMENT IN SUPPORT OF MOTION TO DISMISS

**A.**    **Legal Standard.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of its entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twomply*, 550 U.S. 544, 555 (2007). For instance, "a formulaic recitation of the elements of a cause of action will not do." *Id.; see Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."). Thus, a court may dismiss a complaint under Rule 12(b)(6) if it fails to assert a cognizable legal

theory or if the facts asserted are insufficient to support relief under a cognizable legal theory.

*See, e.g., Ortiz v. Citimortgage, Inc.,* 954 F. Supp. 2d 581, 585 (S.D. Tex. 2013).

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that,

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response.

The standard for evaluating a motion for more definite statement is whether the complaint is so vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. *Babcock & Wilcox Co. v. McGliff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D.LA. 2006).

**B.** **The Complaint's Allegations Directed at Saba.**

Plaintiffs' complaint is primarily an action seeking a declaration that the Plaintiffs' loans are dischargeable. Such allegations do not concern, and are not directed at, Saba. However, Plaintiffs' complaint does make essentially three allegations directed at Saba. As discussed herein, Saba submits that none of these three allegations succeeds in stating a legally recognizable claim against Saba:

- Plaintiffs assert: "To the extent that Fowler's Student Loans are not found to be dischargeable, the debt and accrued interest otherwise payable by Fowler should be recoverable from Saba as it paid itself proceeds for school attendance while simultaneously denying Fowler access to school." (Complaint, ¶77).

- Plaintiffs assert: "Saba is also liable to Fowler . . . for false and deceptive practices that have injured Fowler" (Complaint, ¶78) and "Saba is liable for deceptive practices [against Demmons]" (Complaint, ¶81)

- Plaintiffs assert: "Saba held proceeds received from Fowler's student loans for longer than permitted by law." (Complaint, ¶80) "Saba failed to release Demmons' student loan proceeds within 45 days of his becoming a less than part time student and/or within 45 days of his failure to matriculate." (Complaint, ¶82)

3

**C.**    **The Complaint Fails to State a Claim Against Saba.**

None of the three above allegations state a cognizable claim against Saba.

1.    Liability of Saba for Debt and Accrued Interest.

Plaintiffs' first allegation and request for relief against Saba is that Plaintiff Fowler's "debt and accrued interest…should be recoverable from Saba." (Complaint, ¶77)  However, Plaintiffs articulate no legal theory pursuant to which Saba could possibly be liable on Fowler's student loan, and no specific legal theory could be reasonably inferred from the Complaint.  The Complaint does not reference or disclose any specific cause of action that could render Saba liable.  The Complaint does not list any elements of any such causes of action or explain how such elements are met.

It is notable that Plaintiffs' Complaint does <u>not</u> seek a refund or recovery directly from Saba itself.  Plaintiffs do not seek a judgment against Saba for refund of any tuition or other funds which Plaintiffs may contend were misapplied or improperly handled. (Complaint, ¶77)[1] Instead, Plaintiffs allege that, only to the extent and in the event that Fowler's loan is held to be nondischargeable, that Saba should be found liable and responsible for the loan, rather than Fowler. (Complaint, ¶77)

In the absence of any specific legal theory, Saba submits that the allegation fails to state a claim and must be dismissed under Rule 12(b)(6).  In the alternative, a more definite statement of the claim should be provided under Rule 12(e).

2    False and Deceptive Practices.

Plaintiffs' alleges that Saba is liable for "false and deceptive practices" in connection

---

[1] Saba denies that any funds were misapplied or mishandled.  Saba generally reserves its rights as to allegations made in the Complaint and does not concede the truth of any allegations made therein.

with both Plaintiffs Fowler and Demmons. (Complaint, ¶¶78, 81)  Plaintiffs do not set forth any specific statutory or legal basis for this claim.

Plaintiffs' claim fails for the basic reason that no specific deceptive act or practice is alleged on Saba's part.  Under law, in order to state a claim concerning fraud and deceptive acts (such as, for example, the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq.),[2]  a specific fraudulent or deceptive act must be alleged.  *See, e.g., 831 Bartholomew Investments-A, L.L.C. v. Margulis*, 20 So.3d 532, 539 (La. App. 4th Cir. 2009) (dismissing claim on no cause of action exception because plaintiff "has not set forth any facts to support his conclusion that the actions of [defendants] were unfair or deceptive"); *Schenck v. Living Centers-East, Inc.*, 917 F. Supp. 432, 439 (E.D.La. 1996) (claim under deceptive practices law requires that some element of fraud, misrepresentation or other unethical conduct be established); *Omnitech International, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994) (mere breach of contract claim is not actionable under deceptive practices law).

In addition, Plaintiffs have not begun to satisfy the pleading standards under Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fraud cannot be based on mere "speculation and conclusory allegations." *E.g., U.S. ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 385 (5th Cir. 2003). To adequately plead fraud, plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage v. Tchuruk*, 291

---

[2] Plaintiffs do not state the statutory, state law, or other basis for their claim.  Saba reserves all rights as to choice of law and as to which jurisdiction's law may be applicable to Plaintiffs' claims.  While Plaintiffs are apparently residents of Louisiana, Saba notes that Saba University School of Medicine and its operations are located outside of the United States.

F.3d 336, 349 (5th Cir.2002).

The Complaint simply makes no specific allegations of any allegedly deceptive or fraudulent acts on Saba's part.  As to Saba, the only specific allegations within the Complaint are that Saba applied certain loan proceeds in a manner alleged in the Complaint (Complaint, ¶¶59-75); that Saba did not allow Fowler to begin clinical studies since she had not passed the Step One Examination (Complaint, ¶¶68-69, 75); and that Saba failed to release certain loan proceeds by a deadline under law. (Complaint, ¶82).  None of these allegations constitutes a specific fraudulent or deceptive act on Saba's part.  Simply put, Plaintiffs do not allege that Saba made any specific false, fraudulent, or deceptive statement or action whatsoever.

These allegations are simply insufficient to state a claim for "false and deceptive practices," and must be dismissed under Rule 12(b)(6).  In the alternative, a more definite statement of the claim should be provided under Rule 12(e), particularly in light of the fact that no specific statutory or legal basis is pled for any false and deceptive acts claim.

3.    Retaining Loan Proceeds for "Longer Than Permitted Under Law."

Plaintiffs assert that "Saba held proceeds received from Fowler's student loans for longer than permitted by law" (Complaint ¶ 80);[3] and that "Saba failed to release Demmons' student loan proceeds within 45 days of his becoming a less than part time student and/or within 45 days of his failure to matriculate." (Complaint, ¶ 82)

Plaintiffs identify no statutory or legal basis for any claim that loan proceeds were retained for "longer than permitted by law."  In short, Plaintiffs fail to identify any "law" that required Saba to refund or disburse loan proceeds within any specific time period (such as the

---

[3] The allegation in Paragraph 80 appears to contain a typographical error and may be meant to refer to Plainitff Demmons, rather than Fowler, since the allegation appears under the heading "Saba Liability to Demmons."

45-day period referenced by Plaintiffs but without any citation to any statute, regulation, law, or other authority).  These allegations are simply insufficient to state a claim, since no legal basis is pled that there was any applicable deadline whatsoever for Saba to refund or disburse funds.  In the alternative, a more definite statement of the claim should be provided under Rule 12(e), particularly in light of the fact that no specific statutory or legal basis is pled for such deadline and claim.

WHEREFORE, PREMISES CONSIDERED, Defendant R3 Education, Inc. d/b/a/ Saba University School of Medicine respectfully submits that its Motion to Dismiss should be granted.

Dated: June 10, 2015                    Respectfully Submitted,

                                        By: */s/ C. Davin Boldissar*_____
                                        C. Davin Boldissar (La. #29094)
                                        Locke Lord LLP
                                        601 Poydras Street, Suite 2660
                                        New Orleans, Louisiana 70130-6036
                                        Telephone: (504) 558-5100
                                        Fax: (504) 558-5200

                                        *Attorneys for R3 Education Inc., dba Saba*
                                        *University School of Medicine*