**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | ' |
| | ' CASE NO. 14-11638 |
| WILLIAM A. DEMMONS and | ' |
| KAREN S. FOWLER | ' |
| | ' |
| | ' Chapter 7 |
| Debtors. | ' |

| | |
|---|---|
| WILLIAM A. DEMMONS and | ' |
| KAREN S. FOWLER | ' |
| | ' |
| Plaintiffs, | ' |
| | ' |
| vs. | ' |
| | ' Adversary No. 15-01024 |
| R3 EDUCATION INC., d/b/a | ' |
| SABA UNIVERSITY SCHOOL OF | ' |
| MEDICINE; AMERICAN | ' |
| EDUCATIONAL SERVICES; | ' |
| NAVIENT SOLUTIONS, INC., AND | ' |
| NELNET, INC. | ' |
| | ' |
| Defendants. | ' |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED BY DEFENDANT R3 EDUCATION, INC. d/b/a SABA UNIVERSITY SCHOOL OF MEDICINE**

**MAY IT PLEASE THE COURT:**

Defendant R3 Education, Inc. d/b/a Saba University School of Medicine ("Saba") respectfully files this Motion and Incorporated Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint and would show the Court as follows:

**I. SUMMARY OF ARGUMENT**

This is an action filed by Plaintiffs for a declaration that their loans are dischargeable. Defendant Saba University School of Medicine is the school that Plaintiffs attended, and is not a

NO:9900001/00000:178852v5

party to the dischargeability claims. However, in the same adversary complaint, Plaintiffs have made limited allegations against Saba and have named it as a defendant.

The Court already required Plaintiffs to replead their allegations after the First Motion to Dismiss was filed. Saba submits that Plaintiffs have also failed to state legal claims against Saba in the First Amended Complaint. Specifically and as addressed in more detail below, Saba submits that all claims asserted against Saba are prescribed. Moreover, even if not prescribed, Plaintiffs have once again failed to allege facts sufficient to state a claim upon which relief may be granted against Saba.

## II. ARGUMENT IN SUPPORT OF MOTION TO DISMISS

**A.     Legal Standard.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A Rule 12(b)(6) Motion may be filed on the basis of prescription. Dismissal under Rule 12(b)(6) is proper "where it is evident from the plaintiff's pleadings, that the action is barred and the pleadings fail to raise some basis for tolling or the like…." *Junes v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003).

**B.     The Complaint's Allegations Directed at Saba.**

Plaintiffs' amended complaint is primarily an action seeking a declaration that the Plaintiffs' loans are dischargeable. Such allegations do not concern, and are not directed at,

NO:9900001/00000:178852v5

Saba. However, Plaintiffs' Amended Complaint purports to assert two causes of action against Saba—fraudulent misrepresentation and breach of contract. As discussed herein, Saba submits that these allegations are all prescribed on the face of the complaint:

- Plaintiffs assert: "To the extent that Fowler's Student Loans are not found to be dischargeable, the debt and accrued interest otherwise payable by Fowler should be recoverable from Saba as it paid itself proceeds for school attendance while simultaneously denying Fowler access to school." (Complaint, ¶77).[1]

- Plaintiffs assert that Saba made a fraudulent misrepresentation damaging to Ms. Fowler during "Semesters 6, 7, and 8" of Ms. Fowler's studies at Saba. (Amended Complaint, ¶¶ 76.1 - 77.3)

- Plaintiffs further asserts that the "intentional tort" of fraudulent misrepresentation renders SABA liable for her student loan debt and her attorneys' fees (Amended Complaint, ¶¶ 77.1-77.3)

- Plaintiffs assert that "Saba breached its contract" (consisting of student handbook, financial aid applications and billing statements) with Ms. Fowler "by failing to provide any service in exchange for the student loan proceeds received by Saba for Semesters 6, 7, and 8." (Amended Complaint, ¶¶ 78.1 - 78.11).

- Plaintiffs assert that Saba breached its contract (consisting of student handbook, financial aid applications and billing statements) with Mr. Demmons by failing "to return the loan proceeds as set forth in the Student Handbook." (Amended Complaint, ¶¶80.83)

- Plaintiffs further assert that Saba breached its contract with Mr. Demmons by failing to remit student loan proceeds within certain timeframes. (Amended Complaint, ¶¶ 80.4-80.11)

- Plaintiffs' allegations regarding Fowler involve actions that occurred from 2006 to June 2009, with a latest loan disbursement date of December 4, 2007. (Complaint ¶¶ 14, 62-74)

- Plaintiffs do not allege the exact dates in which Saba allegedly withheld student loan proceeds from Demmons, but they do allege the latest student loan disbursement occurred in August 2009. (Complaint ¶ 13).

Plaintiffs further allege that Saba University School of Medicine "is an offshore for-profit

---

[1] Due to the numbering of Plaintiffs' allegations, it is not clear whether Plaintiffs still maintain this allegation, as it now falls within "Cause of Action 4.1 - Saba Fraudulent Misrepresentation Damaged Fowler." In an abundance of caution, the present Motion to Dismiss treats this claim as still asserted. Additionally, Plaintiffs filed an Amended Complaint that fails to restate the allegations from their original Complaint, so Saba references both pleadings herein.

3

Caribbean medical school located in the Caribbean Netherlands Antilles, with the home office in Devens, Massachusetts." (Complaint ¶ 11). The Island of Saba is a special municipality of the Netherlands and therefore part of the Netherlands.[2]

### C. The Complaint Fails to State a Claim Against Saba.

Based on the above allegations, Plaintiffs assert separate causes of action against Saba. Plaintiff Fowler asserts a purported fraudulent misrepresentation claim. (Amended Complaint, Cause of Action 4.1). Both Plaintiffs Fowler and Demmons purport to assert breach of contract claims based on purported breaches of the student handbook, financial aid applications, and billing statements. (Amended Complaint, Cause of Action 4.2, 5). Moreover, to the extent Plaintiffs' Amended Complaint can be construed as reasserting some sort of claim for contribution for the student loan debt itself, Plaintiffs' have still failed to state a claim upon which relief may be granted.

1. Choice of Law

Plaintiffs allege purported claims for fraudulent misrepresentation and breach of contract without referencing the laws of any particular state or, relevant here, country. Based on the allegations in the Complaint, the alleged conduct occurred in the Island of Saba, a municipality of the Netherlands. (Complaint ¶ 11).

With respect to prescription, Louisiana law provides that the prescription and peremption law of Louisiana applies to claims where the substantive law of Louisiana is applicable. La. C.C. Art. 3549(A). Louisiana law still applies where the substantive law of another state would apply with two exceptions. La. C.C. Art. 3549(B). The first exception occurs when the action is

---

[2] While Saba's political status is not specifically alleged in the Complaint, the Court can take judicial notice of these facts. *See*, *e.g.*, Public Entity Saba, The Official Website of the Island Government of Saba, http://www.sabagovernment.com/saba_constitutional.html (last visited Aug. 19, 2015).

4

barred under Louisiana law but not barred by the other state. *Id.* 3549(B)(1). In that instance, the case should be dismissed unless "maintenance of the action in this state is warranted by compelling considerations of remedial justice." *Id.* The other exception occurs when the action is not barred under Louisiana law but would be barred by the law of the other state. *Id.* 3549(B)(2). In that scenario, the action will be maintained unless "maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice." *Id.* However, if the person asserting the cause of action did not reside in this state when the cause of action arose, the action will be barred if barred by the law of the other state if the prescriptive period is deemed substantive by that state or "deemed to bar or extinguish the right that is sought to be enforced in the action and not merely the remedy." *Id.* 3549(C).

Fortunately, these choice of law provisions are easily applied in this case. Plaintiffs' tort claim is prescribed under either Louisiana or Dutch law. Moreover, Dutch law should apply to Plaintiffs' purported breach of contract claims under the facts alleged in the Amended Complaint, and therefore those claims are also prescribed.[3]

2. <u>Plaintiffs' Claim for Fraudulent Misrepresentation is Prescribed.</u>

Plaintiffs purport to assert a tort claim for "fraudulent misrepresentation."[4] Louisiana law provides a one-year prescriptive period from the date of injury for tort claims. *See* La. C.C. Art. 3492. Dutch law provides a five-year prescriptive period for tort claims from the date of injury. *See Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1164 (11th Cir. 2009) ("Dutch law further

---

[3] Saba asserts that the only possible sources of law <u>under the facts as asserted in the Amended Complaint</u> are Louisiana or the Netherlands. Plaintiffs have not alleged facts taking place in any other location, and Plaintiffs have not attached any contractual documents whatsoever. Saba reserves its rights on choice of law to the extent any other facts are alleged or presented in this case.

[4] To the extent any other tort claim can be construed from Plaintiffs vague assertion that Saba should be liable for their student loan debt (Complaint ¶ 77), such a claim would also be prescribed under this analysis.

5

indicates that the statute of limitations for actions brought under the general tort provisions, pursuant to Article 6:162 of the Dutch Civil Code, expires five years [from the date of the injury].").

Plaintiffs' purported fraudulent misrepresentation claim relates to allegations that Saba collected student loan proceeds while denying Plaintiff Fowler access to certain educational services. (Amended Complaint ¶¶ 76.4 – 76.8). While the Complaint is somewhat vague as to the timing of the allegedly tortious conduct, Plaintiffs allege Fowler's last student loan disbursement occurred on December 4, 2007. (Complaint ¶ 14). Fowler further alleges she was dismissed from Saba in June 2009, which indicates any improper conduct related to disbursements must have occurred prior to that date. (Complaint ¶ 74). Plaintiffs initially filed this lawsuit on March 12, 2015. Therefore, Plaintiffs' fraudulent misrepresentation claims are barred by the applicable prescriptive period under either Dutch law or Louisiana law.

3. <u>Plaintiffs' Claim for Breach of Contract is Prescribed.</u>

Plaintiffs face similar barriers for their purported breach of contract claims. While Louisiana law establishes a ten-year prescriptive period for breach of contract claims, La. C.C. Art. 3499, Dutch law imposes a five-year prescriptive period. *See* Dutch Civil Code Art. 3.307, 3.308, 3.309. As discussed below, Saba contends Dutch law applies to the breach of contract claims and therefore Plaintiffs' claims are prescribed.

Fowler claims Saba breached the student handbook, the financial aid applications, and unidentified billing statements by paying itself tuition and failing to provide educational services. (Amended Complaint ¶¶ 78.3 – 78.8). Demmons alleges Saba breached the student handbook, financial aid applications, and unidentified billing statements by delaying student loan disbursements. (Amended Complaint ¶¶ 80 – 80.11). Plaintiffs allege the latest disbursement to

6

Fowler occurred December 2007 and that the latest student loan disbursement to Demmons occurred in August 2009. (Complaint ¶¶ 13-14).

The Court should apply the Dutch prescriptive period to bar any breach of contract claim. As an initial matter, the alleged contracts consisted of a Student Handbook, financial aid applications, and billing statements related to Plaintiffs' enrollment in medical school on the Island of Saba. Plaintiffs therefore applied to attend a Dutch medical school in a Dutch municipality and, according to the Complaint, relocated to the Island of Saba. No public policy considerations or other equitable considerations override the application of Dutch law here. Plaintiffs should therefore be bound by Dutch law. Under Dutch law, Plaintiffs' breach of contract claims are prescribed.

3. Plaintiffs Have Failed to State A Claim For Breach of Contract.

Even if their claims were not prescribed, Plaintiffs' Amended Complaint fails to state a claim for breach of contract sufficient to withstand scrutiny under the *Twombly* and *Iqbal* standards. *See Iqbal,* 556 U.S. at 678. Plaintiffs' Amended Complaint remains too vague to establish either the existence of binding contracts or to allege an actual breach of contract.

As an initial matter, Plaintiffs fail to allege how the "Student Handbook, financial aid applications, and billing statements" constitute contracts at all. (Amended Complaint ¶¶ 78.3, 80). Plaintiffs make the conclusory allegation that these documents "constitute a written or implied contract," but they do not allege what exactly these documents are or why they are binding.

Even if Plaintiffs are correct that these documents somehow constitute contracts, Plaintiffs allege no conduct in breach of these contracts. With respect to Fowler, Plaintiffs reference no contractual provision and instead vaguely assert that "[t]he contract between Saba

7

and Fowler consisted of her promise to pay tuition and Saba's promise to provide academic services." (Amended Complaint ¶ 78.4). Plaintiffs tie these alleged promises to the "student handbook and the fee bills" with no reference to any contract language. (Amended Complaint ¶ 78.5).

Plaintiffs' allegations regarding Plaintiff Demmons' breach of contract claim quote from the Student Handbook. Plaintiffs cite a provisions regarding the timing of billing and refunds (Amended Complaint ¶ 80.1) and a provision stating regarding a refund to the student loan lender for students who do not meet the "eligibility enrollment guidelines." (Amended Complaint ¶ 80.2). Plaintiff Demmons then paradoxically appears to allege Saba failed to properly refund student loan proceeds, despite also alleging Demmons graduated from Saba. (Complaint ¶ 18; Amended Complaint ¶¶ 80.3-80.4) Plaintiff Demmons further purports to assert a breach of contract claim related to the allegedly improper withholding of student loan proceeds despite failing to reference any contractual provision governing the timing of student loan disbursements. (Amended Complaint ¶¶ 80.5-80.10). While Plaintiff Demmons makes a vague reference to "industry practice" for student loan disbursements, Plaintiff Demmons does not allege a contractual requirement breached.

Notably, Plaintiffs do not allege Saba is a party to the student loan agreements. Rather, Plaintiffs attempt to cobble together irrelevant Student Handbook provisions and unidentified financial aid applications and billing invoices to assert the existence of some sort of contract. Even if such a contract exists, Plaintiffs do not allege how Saba violated any contractual provision. Therefore, Plaintiffs' breach of contract claim should be dismissed.

    4.    <u>Plaintiffs Have Failed to Plead A Basis for Saba's Liability for Their Student Loans.</u>

While the Amended Complaint is less than clear, Plaintiffs' appear to repeat the

allegation and request for relief against Saba from their Complaint that Plaintiff Fowler's "debt and accrued interest…should be recoverable from Saba." (Complaint, ¶77).[5] However, Plaintiffs still articulate no legal theory pursuant to which Saba could possibly be liable on Fowler's student loan, and no specific legal theory could be reasonably inferred from the Complaint or Amended Complaint aside from the tort theory and contract claims discussed above. The Complaint and Amended Complaint do not reference or disclose any specific cause of action that could render Saba liable. The Complaint and Amended Complaint do not list any elements of any such causes of action or explain how such elements are met.

In the absence of any specific legal theory, Saba submits that the allegation again fails to state a claim and must be dismissed under Rule 12(b)(6). The Court has already provided Plaintiffs the opportunity to replead in response to Saba's prior Motion to Dismiss, and therefore the Court should now dismiss Plaintiffs' claims against Saba with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant R3 Education, Inc. d/b/a/ Saba University School of Medicine respectfully submits that its Motion to Dismiss should be granted.

Dated: August 20, 2015　　　　　　　　　　Respectfully Submitted,

By: */s/ Bradley C. Knapp*
C. Davin Boldissar (La. #29094)
Bradley C. Knapp (La. # 35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 558-5200

*Attorneys for R3 Education Inc., dba Saba University School of Medicine*

---

[5] Plaintiffs have added paragraphs 77.1 – 77.3 but failed to delete prior paragraph 77. Therefore, Saba addresses this allegation out of an abundance of caution.