**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| | * | |
| **William A. Demmons, III and** | * | DIVISION "B" |
| **Karen S. Fowler** | * | |
| **Debtors** | * | |
| | * | CASE NO. 14-11638 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| | * | |
| **William A. Demmons, III and** | * | |
| **Karen S. Fowler** | * | |
| | * | |
| Plaintiff/ Debtors | * | ADV PROC. NO. 15-01024 |
| | * | |
| versus | * | |
| | * | |
| **R3 Education Inc., dba Saba University** | * | |
| **School of Medicine; American** | * | |
| **Educational Services; Maine** | * | |
| **Educational Services; Navient Solutions,** | * | |
| **Inc., State of Colorado, Department of** | * | |
| **Higher Education, Colorado Student** | * | |
| **Loan Program d/b/a College Assist,** | * | |
| **FCDB NPSL, LLC, Deutche Bank and** | * | |
| **And Key Bank USA, NA** | * | |
| | * | |
| Defendants | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEBTORS' OPPOSITION TO SABA'S MOTION TO**
**DISMISS THE DEBTORS' FIRST AMENDED COMPLAINT**

William A. Demmons, III ("Demmons") and Karen S. Fowler ("Fowler"), Debtors herein (collectively referred to as "Debtors"), respond to the Motion to Dismiss the Amended Complaint filed by Defendant R3 Education, Inc. d/b/a. Saba University School of Medicine ("Saba") as follows:

1

I. **STATEMENT OF FACTS**

Debtors filed this adversary proceeding seeking an order by this Court that their student loans were dischargeable debt in their Chapter 7 bankruptcy proceeding based upon undue hardship. The student loans at issue were those incurred by Debtors while in attendance at medical school at Saba University. Although Debtors admit that Saba itself is not a student loan lender, Saba is an intermediary party that certified enrollment status (eligibility requirements greater than half time and matriculated), administered, accounted for, and distributed student loans to Debtors while in attendance at Saba. In numerous instances, Saba misappropriated student loan proceeds by applying for such proceeds from student loan lenders, knowing Debtor Fowler was not enrolled greater than half time or matriculated, and by disbursing those student loan proceeds to itself in payment of tuition for periods in which Fowler was never in attendance at the University. If, in fact, this Court finds that these student loans[1] are dischargeable due to undue hardship that would be caused in the repayment of such loans by Debtors, then Debtors do not intend to pursue a cause of action against Saba. If, on the other hand, this Court finds that one or more of these particular loans are not dischargeable, Debtors intend to seek compensation from Saba in the repayment of these student loans based upon Saba's fraudulent misrepresentation and/or breach of contract. Saba is being sued in its capacity as the third party administrator of the student loan proceeds – as opposed to being sued as an actual student loan lender.

---

[1] Specifically identified at this time as the following loans: Student Loan Express 2006; Student Health Xpress Loan January 19, 2006; and Health Xpress Loan December 4, 2007; (this list may change following discovery).

II. **ARGUMENT**

A. **Plaintiffs/Debtors Amended Complaint Satisfies FRCP Rule 8 by Stating a Claim against Saba. The Motion to Dismiss the Amended Complaint Should be Denied.**

Defendant Saba alleges that Debtors/Plaintiffs have failed to meet the standards of pleading as set forth in F.R.C.P. Rule 8 because Debtors have not stated a claim upon which relief can be granted under either fraudulent misrepresentation or breach of contract.

The Debtors/Plaintiffs have met the burdens of the Federal Rules of Civil Procedure for sustaining its cause of action against the Defendant. As the Supreme Court held in Bell Atlantic Corp v. Twombly, the pleading standard Rule 8 announces *does not require "detailed factual allegations..."* 550 US 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2009) (emphasis ours). The pleading standards that apply to a 12(b) Motion to Dismiss arise out of the requirement in Fed. R. Civ P. 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corp. v. Twombly, 550 US 544 (2007), the Supreme Court explained that to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

When considering a Rule 12(b) Motion, a court must *accept all reasonable inferences in favor of the plaintiff.* Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (emphasis ours). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiffs. Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994). Motions to Dismiss under Rule 12(b) are disfavored and rarely granted. In re Morey, 2012 WL369486 (Bankr. SD Miss 2012); *citing* Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981).

In Twombly, the Supreme Court revisited the often-quoted language in its decision in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed at the pleading stage "unless it appears ***beyond a doubt that the plaintiff can prove no set of facts in support of his claim***." *Id*. at 45-46. (emphasis ours). Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008); (*citing* Bell Atl. Corp v. Twombly, 550 U.S. 544, 556-57 (2007).

The allegations in the Debtors' Complaint are not so ambiguous and unintelligible so as to expose Defendant to prejudice when answering the Complaint. Debtors have clearly set forth a cause of action that will be further identified following discovery.

### B. The Complaint Adequately Pleads Plaintiffs Causes of Action Against Saba.

#### 1. Fraudulent Misappropriation

Debtors argue that if the loans are not discharged, Saba should be forced to contribute to the repayment of the loan based upon its fraudulent misrepresentation in the administration of the loan. Saba argues that fraudulent misappropriation is a cause of action grounded in tort subject to a one year prescriptive period. However, prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art 3464. Without discovery, Debtors are deprived of their right examine whether prescription was interrupted by Saba's acknowledgement of the debt based upon Saba's communication with the Debtors when Debtors inquired on multiple occasions as to Saba's accounting of the loans and tuition expenses. *See* Exhibit A as an example. Debtors were actively communicating with Saba about its accounting errors prior to the filing of this Complaint. Discovery issued to Saba may show

4

multiple occasions in which Saba acknowledged the application of proceeds and verified Debtor Fowler's eligibility for loans with student loan lenders.

Further, an action for the recovery of tuition fees has a three year prescriptive period commencing from the date that the payment is exigible. La CC art 3494, 3495. Therefore, until the student loan was actually due and payable, prescription had not yet started to run on the Debtors' ability to recover from Saba its payment of tuition to itself. Again, without Debtors ability to conduct discovery from the student loan lenders as to the terms of repayment under the loans, the prescriptive period may not have in fact expired.

Saba argues that fraudulent misappropriation is a cause of action grounded in tort, and therefore, under either Louisiana or Netherland law, the time period for such claim has prescribed. However, fraud can also be pursued under a contractual theory. Based upon the fraud committed by Saba – as a third party receiver/processor of student loan funds – the Defendants student loans at issue can be rescinded (if found nondischargeable). Further, Saba can be liable for damages and attorneys' fees in this circumstance. La. C.C. art 1958. Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art 1957. Until discovery is conducted and the actual promissory notes are produced, as well as depositions conducted as to the circumstances leading Saba to retain and apply to tuition student loan proceeds for non-existing educational services, there can be no definitive finding that an action involving fraud has prescribed.

### 2. **Breach of Contract**

Plaintiffs argue that the student handbook, financial aid applications, and billing statements constitute contracts.[2] The Amended Complaint meets the Rule 8 pleading standard for substantiation of the existence of a contract between the parties. While Saba argues that the Debtors have failed to assert a "breach" of contract, it is clear from the Amended Complaint that in exchange for payment of tuition, Saba owed a duty to provide educational services. Saba did not provide any services in exchange for the tuition it withheld as the administrator of the student loan proceeds. Surely, Saba can acknowledge that the facts – interpreted in favor of the Debtors as required for a Motion to Dismiss – evidence Saba's breach of contract (ie – paying itself for services not performed).

As to Saba's prescription argument, Saba in the beginning of its brief acknowledges that "Louisiana law still applies where the substantive law of another state would apply with two exceptions. La. C.C. art 3549(B). The first exception occurs when the action is barred under Louisiana law but not barred by the other state. *Id*. 3549(B)(1)….. The other exception occurs when the action is not barred under Louisiana law but would be barred by the law of the other state. *Id*. 3549(B)(2). In that scenario, the action will be maintained unless maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice. *Id*."

Saba continues on page 5 of its Argument:

> "However, if the person asserting the cause of action did not reside in this state when the cause of action arose, the action will be barred if barred by the law of the other state if the prescriptive period is deemed substantive by that state or deemed to bar or extinguish the right that is sought to be enforced in the action and not merely the remedy."

---

[2] In fact, Debtors may discover additional documentation between the parties that constitute contracts if and when Debtors are permitted to obtain discovery from Saba and the other student loan lenders.

Obviously, it is not just the Debtors that need further discovery prior to trial. The Debtors *lived in Louisiana at all times when the disputed loans were made by Saba and the tuition proceeds retained by Saba.* The point of Debtor Fowler's argument is that she was not at medical school on the Island of Saba because she was actually in Louisiana and so no educational services were supplied to Debtor Fowler for her Semesters 6, 7 and 8. As the prescriptive period for violation of a contract in Louisiana is ten years, and because Debtors were domiciled in and residents of the state of Louisiana when the student loan proceeds were misappropriated, Louisiana law applies.

III. **CONCLUSION**

Wherefore, based upon the foregoing, the Motion to Dismiss filed by Saba should be denied. Debtors have met the burden of FRCP Rule 8 in pleading its causes of action against Saba based upon fraudulent misrepresentation and breach of contract. Debtors have the right to seek discovery from Saba which was the predecessor and administrators of Debtors' student loans – in order to further substantiate its allegations for Trial.

Respectfully submitted,
THE DE LEO LAW FIRM, L.L.C.

/s/ Robin R. De Leo
Bar Roll No. 20347
800 Ramon St.
Mandeville, LA 70448
(985) 727-1664
Jennifer@northshoreattorney.com
(985) 727-4388 Facsimile

**PLEASE SERVE:**

R3 Education, Inc. dba Saba University School of Medicine
C Davin Boldissar, Counsel
Locke, Lord, LLP
601 Poydras St., # 2660
New Orleans, LA 70130-6036

Maine Educational Services
National Education Association
Jonathan Beal, Registered Agent
PO Box 1400
Portland, ME 04104

State of Colorado, d/b/a College Assist
Jane Jackson, Counsel
Kelly Hart & Pitre
400 Poydras St., Ste 1812
New Orleans, LA 70130

FCDB NPSL LLC
Through its Agent for Service:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FCDB NPSL LLC
c/o Goal Structured Solutions
Student Lending Dept.
401 West A. Street
Suite 1300
San Diego, CA 92101

Deutsche Bank
c/o Earl F. Sundmaker
The Sundmaker Firm
1027 Ninth St.
New Orleans, LA 70115

Key Bank
c/o Earl F. Sundmaker
The Sundmaker Firm
1027 Ninth St.
New Orleans, LA 70115