# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br><br>**WILLIAM A. DEMMONS and<br>KAREN S. FOWLER**<br><br>Debtors. | ʼ<br>ʼ  CASE NO. 14-11638<br>ʼ<br>ʼ<br>ʼ<br>ʼ  Chapter 7<br>ʼ<br>ʼ |
| **WILLIAM A. DEMMONS and<br>KAREN S. FOWLER**<br><br>    Plaintiffs,<br><br>vs.<br><br>**R3 EDUCATION INC., d/b/a<br>SABA UNIVERSITY SCHOOL OF<br>MEDICINE; AMERICAN<br>EDUCATIONAL SERVICES;<br>NAVIENT SOLUTIONS, INC., AND<br>NELNET, INC.**<br><br>    Defendants. | ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ  Adversary No. 15-01024<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ<br>ʼ |

### R3 EDUCATION, INC. d/b/a SABA UNIVERSITY SCHOOL OF MEDICINE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Defendant R3 Education, Inc. d/b/a Saba University School of Medicine ("Saba") respectfully files this Answer and Affirmative Defenses to Plaintiff's Complaint and First Amended Complaint (together, the "Complaint")[1] as follows:

### I. ANSWER

1.    With respect to the allegations contained in paragraph 1 of the Complaint, Saba

---

[1] Plaintiffs' First Amended Complaint (Doc. 58) does not repeat all allegations from Plaintiffs' original complaint (Doc. 1). Therefore, reference must be made to both documents.

NO:1451240/00041:180249v3

admits that William A. Demmons and Karen S. Fowler filed a petition under Chapter 7 of the Bankruptcy Code on June 25, 2014, and are Plaintiffs in this lawsuit. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 1 of the Complaint.

    2.    Saba admits the allegations contained in paragraph 2 of the Complaint.

    3.    With respect to the allegations contained in paragraph 3 of the Complaint, Defendant admits R3 Education, Inc. is named as a Defendant, and maintains an office in Devens, Massachusetts. The remaining allegations contained in paragraph 3 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent further response is required, Saba denies the allegations.

    4.    With respect to the allegations contained in paragraph 4 of the Complaint, Saba admits the referenced entities are defendants to this lawsuit and otherwise lack knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations.

    4.1    With respect to the allegations contained in paragraph 4.1 of the Complaint, Saba admits the referenced entities are defendants to this lawsuit and otherwise lack knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations.

    5.    With respect to the allegations contained in paragraph 5 of the Complaint, Saba denies it was listed as a creditor in Plaintiffs' bankruptcy case and otherwise states Plaintiffs' bankruptcy filings and schedules of liabilities speak for themselves.

    5.1    With respect to the allegations contained in paragraph 5.1 of the Complaint, Saba states Plaintiffs' bankruptcy filings and schedules of liabilities speak for themselves.

    6.    Saba denies the allegations contained in paragraph 6 of the Complaint with respect to Plaintiffs' purported claims against Saba. Saba further denies this Court has

NO:1451240/00041:180249v3

constitutional authority to adjudicate Plaintiffs' purported claims against Saba.

7. Saba denies the allegations contained in paragraph 7 of the Complaint with respect to Plaintiffs' purported claims against Saba.

8. Saba denies the allegations contained in paragraph 8 of the Complaint with respect to Plaintiffs' purported claims against Saba.

9. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 9 of the Complaint.

10. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 10 of the Complaint.

11. With respect to the allegations contained in paragraph 11 of the Complaint, Defendant admits R3 Education, Inc. maintains an office in Devens, Massachusetts, and further admits that Saba is a medical school. The remaining allegations contained in paragraph 11 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent further response is required, Saba denies the allegations.

12. With respect to the allegations contained in paragraph 12 of the Complaint, Saba admits Plaintiffs obtained certain student loans, and Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 12 of the Complaint.

12.1 The allegations contained in paragraph 12.1 of the Complaint are too vague and ambiguous to permit Saba to frame a response. To the extent a response is required, Saba admits it handled certain student loan proceeds and otherwise denies the allegations.

12.2 The allegations contained in paragraph 12.2 of the Complaint are too vague and ambiguous to permit Saba to frame a response. To the extent a response is required, Saba admits

3

it handled certain student loan proceeds and otherwise denies the allegations.

12.3 With respect to the allegations contained in paragraph 12.3, Saba states the referenced student loan applications speak for themselves and otherwise denies the allegations.

13. Saba denies the allegations contained in paragraph 13 of the Complaint.

14. Saba denies the allegations contained in paragraph 14 of the Complaint.

15. With respect to the allegations contained in paragraph 15 of the Complaint, Saba states Plaintiffs' Schedule F speaks for itself and lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Saba admits Plaintiffs completed their basic medical school science requirements at Saba, denies such requirements were completed on August 8, 2006, and Saba lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 17 of the Complaint. With respect to the allegations contained in the second sentence of paragraph 17 of the Complaint, Saba admits solely that Plaintiff Fowler did not pass the Step One Examination and otherwise denies the allegations. Concerning the allegations contained in the third sentence of paragraph 17 of the Complaint, Saba states that, the files pertaining to Plaintiff Fowler indicates that Fowler was unable to progress to clinical rotations due to her failure to pass the "Step One" examination; any remaining allegations are denied.

18. With respect to the allegations contained in paragraph 18 of the Complaint, Saba

NO:1451240/00041:180249v3

admits Demmons graduated from Saba University medical school but denies the graduation occurred on May 22, 2010.

19. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 19 of the Complaint.

20. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 20 of the Complaint.

21. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 21 of the Complaint.

22. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 22 of the Complaint.

23. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 23 of the Complaint.

24. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 24 of the Complaint.

25. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 25 of the Complaint.

26. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 26 of the Complaint.

27. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 27 above.

29. Saba lacks knowledge or information sufficient to form a belief regarding the

NO:1451240/00041:180249v3

truth of the allegations contained in paragraph 29 of the Complaint.

30. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 30 and footnote 2 of the Complaint.

31. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 31 of the Complaint.

32. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 32 of the Complaint.

33. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 33 above.

35. The allegations contained in paragraph 35 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response.

36. The allegations contained in paragraph 36 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response.

37. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 37 of the Complaint.

38. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 39 above.

41. With respect to the allegations contained in paragraph 41 and its subparagraphs, Saba states the referenced statute speaks for itself.

42. The allegations contained in paragraph 42 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 42 of the Complaint.

43. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 43 of the Complaint.

44. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 44 of the Complaint.

45. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 46 of the Complaint.

47. With respect to the allegations contained in paragraph 47, Saba states the referenced statute speaks for itself.

48. With respect to the allegations contained in paragraph 48, Saba states the referenced statute speaks for itself.

49. With respect to the allegations contained in paragraph 49, Saba states the

referenced statute speaks for itself.

50. With respect to the allegations contained in paragraph 50, Saba states the referenced statute speaks for itself.

51. With respect to the allegations contained in paragraph 51, Saba states the referenced statute speaks for itself.

52. The allegations contained in paragraph 52 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response; in an abundance of caution, any allegations are denied. To the extent a response is required, Saba admits Plaintiffs attended Saba at certain times.

53. The allegations contained in paragraph 53 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent a response is required, Saba denies the allegations.

54. The allegations contained in paragraph 54 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 55 of the Complaint.

56. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint state a legal

NO:1451240/00041:180249v3

conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 58 above.

60. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 60 of the Complaint.

61. With respect to the allegations contained in the first sentence of paragraph 61 of the Complaint, Saba admits it received a check in the amount of $7,410.00 on September 9, 2005. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 61 of the Complaint.

62. With respect to the allegations contained in paragraph 62 of the Complaint, Saba states it applied the $7,410.00 payment it received on September 9, 2005, to the tuition bill for the January 2006 semester, and otherwise denies the allegations.

63. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 63 of the Complaint. With respect to the allegations contained in the second sentence of paragraph 63 of the Complaint, Saba states it was paid $15,000.00 on January 19, 2006, $16,130.00 on August 7, 2006, and that a third installment was cancelled. Saba otherwise denies the allegations contained in paragraph

NO:1451240/00041:180249v3

63 of the Complaint..

64. Saba admits the allegations contained in paragraph 64 of the Complaint.

65. The allegations contained in paragraph 65 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 64 above.

65.1 The allegations contained in the first sentence of paragraph 65.1 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent a response is required, Saba denies the allegations. Saba denies the allegations contained in the second sentence of paragraph 65.1 of the Complaint.

66. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 66 of the Complaint.

67. With respect to the allegations contained in paragraph 67 of the Complaint, Saba states Fowler failed to pass the Step One Examination on three occasions and otherwise denies the allegations.

68. With respect to the allegations contained in paragraph 68 of the Complaint, Saba states it received $16,130.00 from Xpress Loan on August 9, 2006, from Karen Fowler. Saba further states it applied $8,550.00 to the sixth semester tuition bill, $250.00 to the Bachelor of Science degree fee, $25.00 to a wire fee, and wired the remaining $7,305.00 to Karen Fowler. Saba otherwise denies the allegations contained in paragraph 68 of the Complaint.

69. With respect to the allegations contained in paragraph 69 of the Complaint, Saba states that, the files pertaining to Plaintiff Fowler indicates that Fowler was unable to progress to clinical rotations due to her failure to pass the "Step One" examination; on August 9, 2006, Saba received $16,130 from Xpress Loan for Karen Fowler, and Saba applied $8,550 to the 6th semester tuition bill, $250 to the Bachelor of Science Degree Fee, $25 for a wire fee and the

balance of $7,305 was wired to Karen Fowler's bank account; further, records indicate that subsequently, the amount applied to the 6th semester tuition bill was refunded; any remaining allegations are denied.

70. With respect to the allegations contained in paragraph 70 of the Complaint, Saba admits the third disbursement of the Xpress Loan was cancelled and otherwise denies the allegations contained in paragraph 70 of the Complaint.

71. With respect to the allegations contained in paragraph 71 of the Complaint, Saba admits it billed Fowler for semester seven in the amount of $8,070.00, and otherwise denies the allegations.

72. Saba lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 72 of the Complaint.

73. With respect to the allegations contained in paragraph 73 of the Complaint, Saba states that Saba received loan proceeds of $38,460 from HXPRESS on 12/4/2007; $8,070 was applied to a tuition bill for semester 7 and $9,190 was applied to a tuition bill for semester 8; and $21,200 was returned to Karen Fowler on 12/5/2007; any remaining allegations are denied.

74. With respect to the allegations contained in paragraph 73 of the Complaint, Saba states that in June 2009, Saba informed Fowler that Fowler "ha[s] been Academically Dismissed from SABA University School of Medicine effective June 9, 2009. Failure to pass Step I of the USMLE on multiple attempts and lack of progression has initiated this final decision as per Academic Standards and Policy of SABA University."; any remaining allegations are denied.

75. Saba denies the allegations contained in paragraph 75 of the Complaint.

76. Saba denies the allegations contained in paragraph 76 of the Complaint.

76.1 The allegations contained in paragraph 76.1 of the Complaint require no response.

11

To the extent a response is required, Saba incorporates paragraph 1 through 76 above.

  76.2 Saba denies the allegations contained in paragraph 76.2 of the Complaint.

  76.3 Saba denies the allegations contained in paragraph 76.3 of the Complaint.

  76.4 Saba denies the allegations contained in paragraph 76.4 of the Complaint.

  76.5 With respect to the allegations contained in paragraph 76.5 of the Complaint, Saba states its student handbook speaks for itself.

  76.6 With respect to the allegations contained in paragraph 76.6 of the Complaint, Saba lacks knowledge or information to form a belief as to the truth of what Plaintiffs "believed," and otherwise deny the allegations.

  76.7 Saba denies the allegations contained in paragraph 76.7 of the Complaint.

  76.8 Saba denies the allegations contained in paragraph 76.8 of the Complaint.

  77. Saba denies the allegations contained in paragraph 77 of the Complaint.

  77.1 Saba denies the allegations contained in paragraph 77.1 of the Complaint.

  77.2 Saba denies the allegations contained in paragraph 77.2 of the Complaint.

  77.3 Saba denies the allegations contained in paragraph 77.3 of the Complaint.

  78. Saba denies the allegations contained in paragraph 78 of the Complaint.

  78.1 The allegations contained in paragraph 78.1 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 78 above.

  78.2 Saba denies the allegations contained in paragraph 78.2 of the Complaint.

  78.3 The allegations contained in paragraph 78.3 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent a response is required, Saba denies the allegations.

  78.4 The allegations contained in paragraph 78.4 of the Complaint are too vague and

NO:1451240/00041:180249v3

ambiguous to permit Saba to reasonably frame a response. To the extent a response is required, Saba denies the allegations.

78.5 The allegations contained in paragraph 78.5 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent a response is required, Saba denies the allegations.

78.6 Saba denies the allegations contained in paragraph 78.6 of the Complaint.

78.7 Saba denies the allegations contained in paragraph 78.7 of the Complaint as written; further answering, Saba states that the files pertaining to Plaintiff Fowler indicates that Fowler was unable to progress to clinical rotations due to her failure to pass the "Step One" examination.

78.8 Saba denies the allegations contained in paragraph 78.8 of the Complaint.

78.9 Saba denies the allegations contained in paragraph 78.9 of the Complaint.

78.10 Saba denies the allegations contained in paragraph 78.10 of the Complaint.

78.11 Saba denies the allegations contained in paragraph 78.11 of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint require no response. To the extent a response is required, Saba incorporates paragraph 1 through 78.11 above.

80. The allegations contained in paragraph 80 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent a response is required, Saba denies the allegations.

80.1 With respect to the allegations contained in paragraph 80.1 of the Complaint, Saba states its student handbook speaks for itself.

80.2 The allegations contained in paragraph 80.2 of the Complaint are too vague and ambiguous to permit Saba to reasonably frame a response. To the extent a response is required,

NO:1451240/00041:180249v3

Saba denies the allegations as stated.

 80.3 Saba denies the allegations contained in paragraph 80.3 of the Complaint.

 80.4 Saba denies the allegations contained in paragraph 80.4 of the Complaint.

 80.5 Saba denies the allegations contained in paragraph 80.5 of the Complaint.

 80.6 Saba denies the allegations contained in paragraph 80.6 of the Complaint.

 80.7 Saba denies the allegations contained in paragraph 80.7 of the Complaint.

 80.8 Saba denies the allegations contained in paragraph 80.8 of the Complaint.

 80.9 Saba denies the allegations contained in paragraph 80.9 of the Complaint.

 80.10 Saba denies the allegations contained in paragraph 80.10 of the Complaint.

 80.11 Saba denies the allegations contained in paragraph 80.11 of the Complaint.

 80.12 Saba denies the allegations contained in paragraph 80.12 of the Complaint.

 80.13 Saba denies the allegations contained in paragraph 80.13 of the Complaint.

 81. Saba denies each and every allegation not specifically admitted herein, including allegations contained in the headings, subheadings, introduction, and the prayer for relief.

## II. <u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof, Saba asserts the following affirmative defenses:

 1. The Court lacks jurisdiction over the Complaint.

 2. The Court lacks constitutional authority to adjudicate the Complaint.

 3. Plaintiffs have failed to state a claim upon which relief may be granted.

 4. Plaintiffs' claims are barred by the doctrines of waiver, estoppel in all its forms, and *res judicata*.

 5. Plaintiffs' claims are barred by the applicable prescriptive periods. To the extent

Plaintiffs assert tort claims, such claims are barred under either Louisiana's one-year prescriptive period or the five-year prescriptive period under Dutch law. *See* La. C.C. Art. 3492; *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1164 (11th Cir. 2009). Similarly Plaintiffs breach of contract claims are prescribed under Dutch law. *See* Dutch Civil Code Art. 3.307-3.309.

6. Plaintiffs' claims are barred based on Plaintiffs' failure to schedule causes of action against Saba in their underlying bankruptcy case. Therefore, Plaintiffs are barred from asserting any causes of action against Saba. *See Reed v. City of Arlington*, 650 F.3d 571, 574-77 (5th Cir. 2011).

WHEREFORE, PREMISES CONSIDERED, Defendant R3 Education, Inc. d/b/a/ Saba University School of Medicine pray that Plaintiffs take nothing by the Complaint and for such other relief as may be just and proper.

Dated: November 23, 2015              Respectfully Submitted,

By: */s/ Bradley C. Knapp*

C. Davin Boldissar (La. #29094)
Bradley C. Knapp (La. # 35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 558-5200

*Attorneys for R3 Education Inc., dba Saba University School of Medicine*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of November 2015, the foregoing has been caused to be served on the following parties in this matter by mailing a copy thereof by first class U.S. mail, postage prepaid, with all other parties served through the Court's CM/ECF system:

American Educational Services
Eddie Upshaw, Registered Agent
Rt 2, Box. 15
Spearsville, LA 71277

Maine Educational Services
National Education Association
Jonathan S R Beal, Registered Agent
PO Box 1400
Portland, ME 04104

Navient Solutions, Inc.
Corporate Service Company, Registered Ag
320 Somerulos St.
Baton Rouge, LA 70802-6129

FCDB NPSL LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FCDB NPSL LLC
c/o Goal Structured Solutions
401 West A Street, Suite 1300
San Diego, CA 92101

                                        */s/ Bradley C. Knapp*
                                        Bradley C. Knapp