## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-11638** |
| **WILLIAM A. DEMMONS and KAREN S. FOWLER** | |
| | **Chapter 7** |
| **Debtors.** | |

| | |
|---|---|
| **WILLIAM A. DEMMONS and KAREN S. FOWLER** | |
| **Plaintiffs,** | |
| **vs.** | |
| | **Adversary No. 15-01024** |
| **R3 EDUCATION INC., d/b/a SABA UNIVERSITY SCHOOL OF MEDICINE; AMERICAN EDUCATIONAL SERVICES; NAVIENT SOLUTIONS, INC., AND NELNET, INC.** | |
| **Defendants.** | |

### PLAINTIFFS' STATEMENT OF UNDISPUTED FACT

1.      Certain facts herein are supported by the following Exhibits attached to this

Statement of Undisputed Fact:

- Exhibit 1      Declaration of Terry J. Moya, Saba's Chief Financial Officer ("Moya Declaration")

- Exhibit 2      Written Responses Provided By Plaintiffs to Saba's Interrogatories and Requests for Production ("Discovery Responses")

- Exhibit 3      Saba Catalog (2004-2006), excerpt provided by Plaintiffs attached to Discovery Responses

- Exhibit 4      Saba Catalog (2015-2017), excerpt provided by Plaintiffs attached to Discovery Responses

1

- <u>Exhibit 5</u>        Invoice for Semester 6 billed to Karen S. Fowler, produced by Plaintiffs attached to Discovery Responses

2.      Exhibit "1" submitted herewith is a declaration executed by Terry J. Moya, Saba's Chief Financial Officer.

3.      Exhibit "2" submitted herewith is a true and correct copy of the written Discovery Responses provided by Plaintiffs in response to discovery requests (interrogatories and requests for production) propounded by Saba.

4.      Exhibit "3" submitted herewith is a document produced by Plaintiffs along with the Discovery Responses and is submitted to be a page from Saba's 2004-2006 catalog for students.

5.      Exhibit "4" submitted herewith is a document produced by Plaintiffs along with the Discovery Responses and is submitted to be Saba's 2015-2017 catalog for students.

6.      Exhibit "5" submitted herewith is a document produced by Plaintiffs along with the Discovery Responses and is submitted to be an invoice, dated July 15, 2006, sent to Plaintiff Karen S. Fowler for her "Semester 6" tuition.

7.      Plaintiffs William A. Demmons ("<u>Mr. Demmons</u>") and Karen S. Fowler ("<u>Ms. Fowler</u>") filed Chapter 7 cases in this Court on June 25, 2014.

8.      On March 12, 2015, Mr. Demmons and Ms. Fowler filed a complaint ("<u>Original Complaint</u>") [Docket #1] commencing this adversary proceeding, seeking a determination that their medical school loans are dischargeable.  This same action also asserted the claims against Saba that are the subject of the present Motion for Summary Judgment.

9.      On July 30, 2015, in response to a Motion to Dismiss filed by Saba, Plaintiffs filed an Amended Complaint ("<u>Amended Complaint</u>") [Docket #58] amending the claims asserted against Saba.

10.     Mr. Demmons and Ms. Fowler both attended medical school at Saba beginning on January 5, 2004. (Original Complaint, ¶10)

11.     Saba's records indicate that William A. Demmons, Plaintiff herein, was enrolled as a student at Saba between January 5, 2004 and May 21, 2010. (*See* Exhibit "1" hereto at ¶3)

12.     Saba's records indicate that Karen S. Fowler, Plaintiff herein, was enrolled as a student at Saba between January 5, 2004 and June 9, 2009. (*See* Exhibit "1" hereto at ¶4)

13.     Like other medical schools, Saba's curriculum generally consisted of two parts: first, a "Basic Sciences" component consisting of five semesters of classroom work, followed by, second, a "Clinical Medicine" program comprised of 72 weeks of clinical clerkships in hospitals in the United States and abroad, and eight weeks of a Research: Literature Review and Analysis module. (*See* Exhibit "4" hereto at p. 10)

14.     In order to progress beyond the "Basic Sciences" component and participate in clinical programs, Saba's longstanding policy requires that students pass the United States Medical Licensing Examination Step 1 ("USMLE Step 1 Exam"), which is the first of a three-step examination required for medical licensure in the United States. (*See* Exhibit "1" hereto at ¶7)

15.     Both Mr. Demmons and Ms. Fowler successfully completed their "Basic Sciences" coursework in 2006. (Original Complaint, ¶16)

16.     Mr. Demmons successfully passed the USMLE Step 1 Examination on October 31, 2007.  Mr. Demmons took part in clinical programs during his semesters 6-10 at Saba, beginning in December, 2007 and continuing  through May, 2010. (Original Complaint, ¶¶16,

18)[1]

17.    The timing of Mr. Demmons' clinical programs was dependent on program availability at the specific program locales requested by Mr. Demmons including programs in Shreveport, New Orleans, and Houma, Louisiana.  Any delays experienced were caused by the fact that Mr. Demmons requested specific program locales, and such locales had limited availability and fixed start times for such clinical programs. (*See* Exhibit "1" hereto at ¶10)

18.    Mr. Demmons successfully completed his entire program at Saba and graduated with a Doctor of Medicine degree in May, 2010. (Original Complaint, ¶18)

19.    In anticipation of her clinical semesters, Ms. Fowler borrowed, under a student loan, a total of $25,810.00 for tuition and fees covering semesters 6 (fall of 2006), 7 (fall of 2007), and 8 (spring of 2008). (*See* Exhibit "1" hereto at ¶5)

20.    Saba has had a longstanding practice and policy, in place prior to, during, and after the period 2006 through 2009, that students are not allowed to participate in clinical programs until after successful passage of the USMLE Step 1 Exam.  This policy is consistent with industry norms. (*See* Exhibit "1" hereto at ¶7)

21.    Ms. Fowler was not able to progress to clinical programs, since Ms. Fowler attempted and failed the USMLE Step 1 Exam on three separate occasions between 2007 and 2009. (*See* Exhibit "1" hereto at ¶8)

22.    As a result of her failure to pass the USMLE Step 1 Exam, Karen S. Fowler was academically dismissed from Saba effective June 9, 2009 for failure to progress. (*See* Exhibit "1" hereto at ¶9)

23.    With the exception of a non-refundable administrative fee ($100.00) and a non-

---

[1] Not all of this detail is contained in the Complaint; However Saba submits that these facts will be undisputed.

refundable deposit ($500.00), the tuition and fees borrowed by Karen S. Fowler covering semesters 6 (fall of 2006), 7 (fall of 2007), and 8 (spring of 2008) were refunded to the lender through a check in the amount of $25,210.00 issued by Saba and dated June 9, 2009, a copy of which is attached as Exhibit "A" to the Moya Declaration. (*See* Exhibit "1" hereto at ¶6 and Exhibit "A" thereto)

DATED: February 12, 2016

LOCKE LORD LLP

Respectfully Submitted,

By: */s/ C. Davin Boldissar*_____
C. Davin Boldissar (La. #29094)
Bradley C. Knapp (La. # 35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: 504-558-5211
Fax: (504) 681-5211

*Attorneys for R3 Education Inc., dba Saba*
*University School of Medicine*