UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM DEMMONS, ET AL.**                 CIVIL ACTION

**VERSUS**                                                   NO. 15-6329

**R3 EDUCATION, INC., ET AL.**                SECTION "B"(2)

**ORDER AND REASONS**

**I. NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendant's, R3 Education, Inc. d/b/a Saba University School of Medicine ("Saba"), Motion and Incorporated Memorandum in Support of Motion to Withdraw the Reference. Defendant Saba avers that the claims against it by Plaintiffs, William Demmons and Karen Fowler, are not based in the Bankruptcy Code, such that the Bankruptcy Court lacks constitutional authority to adjudicate them and the District Court should withdraw the reference accordingly. For the reasons discussed herein, **IT IS ORDERED** that Defendant's Motion is **DENIED**.

**II. FACTS AND PROCEDURAL HISTORY**

Plaintiffs are debtors who initiated a Chapter 7 bankruptcy proceeding on June 25, 2014 and received a discharge on September 29, 2014. *See In re Demmons*, No. 14-11638 (Bankr. E.D. La. filed June 25, 2015). Defendant Saba is the medical school that Plaintiffs attended. (Rec. Doc. 1 at 3). In Plaintiffs' initial bankruptcy proceeding, Defendant Saba did not file a proof of

claim, nor was Defendant Saba listed as a creditor. (Rec. Doc. 1 at 3).

On March 12, 2015, Plaintiffs filed an adversary proceeding seeking discharge of the student loan obligations that were incurred while in attendance at Saba, so as to reopen the bankruptcy proceeding. *See* Complaint, *Demmons v. R3 Education Inc. et al.*, No. 15-1024 (Bankr. E.D. La. filed Mar. 12, 2015). Plaintiffs seek discharge of their student loan obligations, naming as defendants various student loan companies, but alternatively asserting claims directly against Saba for the recovery of damages. *See id.* Plaintiffs' claims against Saba are based on theories of fraudulent misrepresentation and breach of contract. *Id.; see also* Amended Complaint, *Demmons*, No. 15-1024 (Bankr. E.D. La. filed July 30, 2015).

In Plaintiffs' adversary proceeding, they assert that the bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334, as well as pursuant to 28 U.S.C. § 157, because it is a "core proceeding." *See* Complaint, *Demmons*, No. 15-1024 (Bankr. Doc. 1 at 2-3). Defendant Saba has filed the instant motion solely contesting the bankruptcy court's jurisdiction over the proceeding against it (and not over the proceedings against the student loan companies), and likewise maintains that the proceeding against it is not "core."

2

**III. STANDARD FOR WITHDRAWAL OF THE REFERENCE**

The standard for when a district court may withdraw the reference from bankruptcy court is set forth in 28 U.S.C. § 157(d). That section provides for both mandatory and permissive withdrawal:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The district court is required to withdraw the reference if it determines that resolution of the proceedings requires consideration of both the Bankruptcy Code and other U.S. laws regulating organizations or activities that affect interstate commerce. Id. The mandatory withdrawal provision has generally been interpreted strictly, "granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law." *In re Queyrouze*, No. 14-2715, 2015 WL 5440825, at *2 (quoting *In re OCA, Inc.*, No. 06-3811, 2006 WL 4029578, at *2 (E.D.La. Sept. 19, 2006)).

To determine whether to withdraw a reference on permissive grounds, the Fifth Circuit has held that district courts should consider whether the matter at issue is a core or a non-core proceeding. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Further, courts should consider whether the proceedings involve a jury demand and whether withdrawal would further the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditors' resources, and expediting the bankruptcy process. *Id.*

**IV. DISCUSSION**

    **A. Withdrawal of the Reference is Not Mandatory as Suggested by Defendant.**

Defendants erroneously recite that "[w]ithdrawal of the reference *is required* in this case because the Bankruptcy Court lacks constitutional authority to adjudicate state law claims that are independent of the federal bankruptcy law and are not necessarily resolvable by a ruling on that creditor's proof of claim in bankruptcy." (Rec. Doc. 1 at 5)(citing *Stern v. Marshall*, 131 S. Ct. 2594, 2611, 2620 (2011); *In re Frazin*, 732 F.3d 313, 320 (5th Cir. 2013))(emphasis added). Defendant is correct to the extent that a bankruptcy court does not have constitutional authority to finally adjudicate certain types of claims; however, withdrawal is not always "required" in these cases. The bankruptcy

4

court has the statutory authority, in certain circumstances, to issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2168 (2014). In this case, the bankruptcy court lacks the constitutional authority to enter a final judgment but maintains the statutory authority to issue proposed findings of fact and conclusions of law.

"The manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved." *Stern*, 131 S. Ct. 2594 at 2603. More specifically, bankruptcy judges may only enter final judgments in "core proceedings arising under title 11, or arising in a case under title 11." *Id.* (citing 28 U.S.C. § 157(b)(1)). A "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002) (quoting *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). Here, Plaintiffs' claims against Defendant Saba in the adversary proceeding are based on state law theories of breach of contract and tort and are separable from Plaintiffs' allegations concerning the dischargeability of their student loans. Consequently, the proceeding against Defendant Saba does not invoke a substantive right provided by title 11. *Stern*, 131 S. Ct. 2594 at 2620. Additionally, the proceeding does not arise only in

the context of a bankruptcy case, as such claims could proceed separately. The adversary proceeding is therefore "non-core" and there is no constitutional authority to enter a final judgment.

"When a bankruptcy judge determines that a referred 'proceeding . . . is not a core proceeding but . . . is otherwise *related to* a case under title 11,' the judge may only 'submit proposed findings of fact and conclusions of law to the district court.'" *Id.* at 2604 (quoting 28 U.S.C. § 157(c)(1)) (emphasis added). The district court then reviews *de novo* any matter to which a party objects. *Id.* "[T]he Bankruptcy Code does not define 'related matters,'" but the Fifth Circuit has held that a matter is related when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Galaz*, 765 F.3d 426, 430 (5th Cir. 2014) (internal quotations and citations omitted) (emphasis in original). More specifically, a matter "is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (internal quotations and citations omitted). Bankruptcy courts do not have jurisdiction over a proceeding that does not have an effect on the estate of the debtor, and consequently lack the statutory authority to enter proposed findings of fact and

6

conclusions of law to be reviewed *de novo* by the district court. *Id.*

In *Galaz*, the court determined that the bankruptcy court had the statutory authority to hear, but not the constitutional authority to finally adjudicate, a "non-core" proceeding that was "related to" the bankruptcy. *Id.* at 430-32. In determining that the claim was "related to" the bankruptcy, the court stated that "a judgment against Appellants could, at least conceivably, increase the size of [the debtor's] bankruptcy estate." *Id.* at 430 (citing *In re BP RE, L.P.*, 735 F.3d 279, 282 (5th Cir.2013) (state law claims brought by debtor against third-party non-creditors were "related to" the bankruptcy case); *Waldman v. Stone*, 698 F.3d 910, 916 (6th Cir.2012) (bankruptcy court had subject matter jurisdiction over a debtor's state law claims in an adversary proceeding, in part because "a damages award on [the debtor's] affirmative claims would provide assets for his other creditors")). Still, the debtor's "state law claim for damages and other relief [was] against parties who [were] otherwise uninvolved in the bankruptcy case and exist[ed] irrespective of the pendency of the bankruptcy case[,]" such that it was a non-core proceeding. *Id.* at 430-31.

This case is no different. As in *Galaz*, a damages award on Plaintiffs' claims against Defendant Saba would alter the debtor's rights, liabilities, options, or freedom of action. Specifically,

7

if Defendant Saba was found liable for the student loans, Plaintiffs would not be. Alternatively, if Defendant Saba was found only to be liable to Plaintiffs for other state law claims, such relief would also improve Plaintiffs' options for payment to Defendant Saba or other creditors. As such, it seems this case falls in line with *Galaz*. Still, one additional assessment need be made.

In *Galaz*, as well as other controlling precedent, the courts stressed that "related to" proceedings were those that in some way impacted the *estate* of the debtor. *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995); *Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995); *Matter of Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988); *Wood*, 825 F.2d at 93. Defendants point out that "Plaintiffs received their discharge on September 30, 2014[,]" such that "[t]he estate no longer exists." (Rec. Doc. 1 at 5). Defendants are correct that, upon the granting of a discharge in a bankruptcy proceeding, the estate ceases to exist. *See In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) (stating that "the debtor's estate terminates" upon the discharge in the bankruptcy proceeding). Nevertheless, even when the bankruptcy court closes a case because "an estate is fully administered and the court has discharged the trustee, . . . [a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other

8

cause." 11 U.S.C. § 350. Here, Plaintiffs have reopened their case to determine the dischargeability of student loans. Consequently, any success on Plaintiffs' claims against Defendant Saba will benefit the estate and are therefore "related to" proceedings. As a result, the bankruptcy court has the statutory authority to enter proposed findings of fact and conclusions of law for the district court to review *de novo*.[1]

### B. The Permissive Factors for Withdrawal of the Reference do Not Weigh in Favor of Withdrawal.

This Court does not find that "permissive" withdrawal is warranted in this case. Under 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." As already stated, in determining "cause shown," the district courts consider six factors: (1) whether the matter is core or non-core, (2) whether promotion of uniformity in bankruptcy administration will be achieved, (3)

---

[1] This Court makes no decision on the merits of Plaintiffs' claims against Defendant Saba at this time, but notes that Plaintiffs had a duty to file a financial statement with the bankruptcy court when the Chapter 7 proceedings were initiated, that should have included a schedule of assets that were part of the estate at that time. *See* 11 U.S.C. § 521(a)(1)(B). The estate's assets to be listed include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes disclosure of all "causes of action owned by the debtor[.]" *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008). Property not disclosed on the schedule remains part of the estate and the debtor lacks standing to pursue the claims after emerging from bankruptcy. 11 U.S.C. § 554(d). This Court notes its concern as to whether Plaintiffs initially disclosed this cause of action in light of the doctrine of judicial estoppel, but declines to delve further into the issue in the absence of additional information. *See In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004).

whether forum shopping and confusion is reduced, (4) whether debtors' and creditors' resources are conserved, (5) whether the bankruptcy process is expedited, and (6) whether a party has demanded a jury trial. *Holland*, 777 F.2d at 998-99. Withdrawal is in the discretion of the district court. *In re Mirant Corp.*, 197 F. App'x 285, 294 (5th Cir. 2006) (citing 28 U.S.C. § 157(a)).

As previously established, the proceeding against Defendant Saba is non-core, favoring withdrawal under the first factor due to the lack of constitutional authority the bankruptcy court has. Despite this, all other factors weigh in favor of the bankruptcy court hearing these "related to" proceedings. As to the second and third factors, allowing this claim to proceed in bankruptcy court will promote streamlined litigation, to preserve resources and reduce confusion. For example, if Plaintiffs' student loans are determined to be dischargeable by the bankruptcy court, there would be no need to litigate the issue of whether Defendant Saba is alternatively liable on them. This would serve to preserve debtors' and creditors' resources. Conversely, if withdrawal were allowed, and the bankruptcy court held that the student loans were dischargeable while the district court found Defendant Saba liable, a confusing situation would result regarding what is owed to Plaintiffs' creditors and what recovery is part of the estate. Additionally, while Defendant asserts that this is not "forum shopping," it is noted that the instant motion was only filed after

the failure of two prior motions to dismiss in the adversary proceeding.

As to the fourth factor, denying the motion to withdraw reference will promote uniformity in bankruptcy administration, as the bankruptcy court will be able to oversee administration of the estate more easily if the claims against Saba remain in that court. As to the fifth factor, this Court does not see how withdrawal would expedite the bankruptcy process, but believes it might have the opposite effect. Finally, as to the sixth factor, there is no concern about the parties being deprived a jury trial in bankruptcy court, as one was not requested. Accordingly, the Court declines to exercise its authority to permissively withdraw the proceeding against Defendant Saba.

**V. CONCLUSION**

For the reasons set forth above, the Court finds that withdrawal is not mandatory, nor is the Court persuaded that it should permissively withdraw the reference. Accordingly, **IT IS ORDERED** that Defendant's Motion to Withdraw Reference is **DENIED**.

New Orleans, Louisiana, this 18th day of March, 2016.

UNITED STATES DISTRICT JUDGE